# CURRENT COURT OF APPEAL CASES--Continued

### No. 597
### WADLEY v. ROTH
Ohio Appeals, 8th District, Summit County
No. 636. Decided May 4, 1923

This opinion has not been published except in Abstract.

**NEW TRIAL—Rule of court as to what law requires for a reversal of a finding that a judgment is manifestly and clearly against the weight of evidence.**

PER CURIAM.

#### Epitomized Opinion

The plaintiff, Roth, recovered a judgment against Wadley in the Court of Common Pleas and the defendant prosecuted error, claiming that the judgment is manifestly against the weight of evidence. The Court of Appeals held:

To reverse the judgment upon that ground, the law requires that all the members of the Appellate Court shall concur in a finding to that effect. This court being unanimously of the opinion that the judgment was not so against the weight of evidence. It is therefore affirmed.

Attorneys—Mottinger and Evans, for Wadley; Harter, Walker and Watters, contra.

---

### No. 598
### CLEVELAND RY. CO. v. DEBORAH SWEENEY
Ohio Appeals, 8th District, Cuyahoga County
No. 4396. Decided May 21, 1923

This opinion has not been published except in Abstract.

**NEW TRIAL—Verdict reduced and motion for overruled—Curing excessive verdict.**

PER CURIAM.

#### Epitomized Opinion

In the trial court a verdict was rendered against the Railway Company for $2,500. A motion for a new trial was made, and upon the granting of the motion the verdict was reduced to $1,500 and then the motion was overruled, the court finding that neither passion or prejudice entered into the verdict of the jury, but that it was merely excessive as to the evidence on the extent of the injury. The Court of Appeals in sustaining the judgment of the Common Pleas held:

This matter was submitted to the jury under proper instructions and if there was an excessive verdict, the court sought to cure it. We can see no error that will relieve a reversal and the judgment will therefore be affirmed.

Attorneys—Squire, Sanders & Dempsey, for Railway Co.; Rocker & Schwartz, for Sweeney.

---

### No. 599
### AMERICAN SHIP BUILDING CO. v. NATIONAL MACHINERY CO.
Ohio Appeals, Eighth District, Cuyahoga County
No. 4503. Decided June 18, 1923

This opinion has not been published except in Abstract.

**PRACTICE—(1) Error of court in admitting unidentified letter in evidence—SALES (2) Measure of damages.**

MIDDLETON, P. J.

#### Epitomized Opinion

This is an action for breach of contract. The National Machinery Company purchased from the American Ship Building Company three second-hand motors for the sum of $850. Before delivery, the Machinery Company sold the motors to another company for the sum of $1400. After this re-sale the Building Company notified the Machinery Company that the same motor had been listed twice and that they had only one 50 horse power motor for sale, and for that reason one of the motors could not be delivered to it. Later the failure to deliver only one of these motors resulted in this action. The case was tried in the Municipal Coourt of Cleveland, which resulted in a judgment of $200 being the difference between the contract price for the one motor and the re-sale price. During the trial the court admitted a letter not properly identified, this letter having been written by the company purchasing motors from the Machinery Company. The defendant prosecuted error. In reversing the judgment the Court of Appeals held:

1. As the letter in question was not properly identified, the court erred in admitting it into evidence.

2. The measure of damages was the difference between the contract price and the market price and not the difference between the contract price and the re-sale price.

Attorneys—Kelley, David & Cottrell, for American Ship Building Co.; Price & Shepard, for National Machinery Co.